UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JORGE ANTONIO LOPEZ VALASQUEZ | CIVIL ACTION NO. 1:26-0024 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRIAN ACUNA, ET AL. | MAGISTRATE JUDGE WHITEHURST |

**ORDER**

Before the Court is a Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 4) filed by the habeas petitioner in this case, Jorge Antonio Lopez Valasquez ("Petitioner"). On January 5, 2026, Petitioner filed his Habeas Petition (Record Document 1), followed by the instant Motion the next day. The Habeas Petition seeks enforcement of his rights as a member of the Bond Denial Class, more specifically he asks the Court to order his release from immigration custody, or in the alternative, to order the Executive Office of Immigration Review ("EOIR") to conduct a bond hearing under 8 U.S.C. § 1226(a). See Record Document 1 at 3–4. The instant motion seeks a TRO and preliminary injunction enjoining the Department of Homeland Security ("DHS") and all other Respondents from removing Petitioner from the United States and from transferring him out of the jurisdiction of this Court during the pendency of his Habeas Petition. See Record Document 4-2 at 7.

An applicant for a Temporary Restraining Order must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing

Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). And courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner seeks immediate relief in the form of an order prohibiting his removal or transfer so that he can challenge his immigration detention. To the extent petitioner seeks to expedite a detention hearing, the Court considers this to be a shortcut around the habeas process. Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide the habeas petition now. See Garcia-Aleman v. Thompson, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025).

As for Petitioner's request that the government be prohibited from transferring him, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner has failed to show a likelihood that he will be transferred to another facility, and the Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

The case will proceed on an expedited briefing schedule before Magistrate Judge Whitehurst when the Respondents have been served.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 4) is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 6th day of January, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE